UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARSHADE ROSE,

Plaintiff,

v.

Case No. 26-cv-1361-bhl

LOOMIS ARMORED US LLC,

Defendant.

---

**ORDER DENYING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

---

On August 7, 2026, Plaintiff Marshade Rose, proceeding without an attorney, filed an unsigned complaint against Defendant Loomis Armored US LLC. (ECF No. 1.) Rose has also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) Because Rose has not signed either document, her complaint will be dismissed and her IFP motion will be denied, both without prejudice.

Under Federal Rule of Civil Procedure 11(a), all pleadings must be signed by counsel or, in the case of an unrepresented person, by the actual party. Because Rose has not signed her complaint, it is ineffective and must be dismissed. *See* Fed. R. Civ. P. 11(a). Rose's IFP motion fails for a similar reason. The Court has authority to allow a plaintiff to proceed IFP, but only if the plaintiff submits an affidavit that identifies his or her financial situation sufficient to allow the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Rose's IPF application is not signed under penalty of perjury, and she has not otherwise provided an affidavit or other sworn evidence to support her IFP application. (ECF No. 2 at 4.) Accordingly, her IFP motion must be denied. *See* 28 U.S.C. §1915(a)(1) (requiring an affidavit to proceed IFP); *see also Zaun v. Dobbin*, 628 F.2d 990, 992–93 (7th Cir. 1980) (citing *Adkins v. E.I. DuPont DeNemours & Co.*, 335 U.S. 331, 339 (1948)) (discussing the affidavit requirement).

The Court will therefore dismiss Rose's complaint and deny her motion to proceed IFP without prejudice. Because she is unrepresented, the Court will allow her **thirty (30) days** from

the date of this Order to file a signed amended complaint and to either refile her IFP motion, with evidentiary support, or pay the filing fee. If Rose fails to (1) file an amended complaint *and* (2) pay the filing fee or refile for IFP, her case will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Rose's complaint, ECF No. 1, is **DISMISSED without prejudice**. Her motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED without prejudice**. Rose has until **September 16, 2026** to (1) file a signed amended complaint and (2) pay the filing fee *or* refile for IFP. Failure to comply with this Order will result in dismissal without prejudice for failure to prosecute under Civ. L. R. 41(c).

Dated at Milwaukee, Wisconsin on August 17, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge